Judge Rosemary Ledet
The defendant, Glen Payne, seeks review of his corrected sentence, imposed by the district court pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). For the reasons that follow, we affirm.
PROCEDURAL HISTORY
In 1984, Mr. Payne was convicted of second degree murder and sentenced to life imprisonment without the possibility of parole. At the time of the murder, Mr. Payne was a juvenile. After the United States Supreme Court's decision Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), which held Miller to be retroactive, Mr. Payne filed a motion to correct an illegal sentence. After a hearing, the district court granted Mr. Payne's motion and resentenced him to life imprisonment with the benefit of parole.[1] Mr. Payne moved for and was granted an out-of-time appeal.
DISCUSSION
In his sole assignment of error, Mr. Payne contends that "[t]he record does not contain either a minute entry for the [re]sentencing proceeding or the Uniform Commitment Order required by [La.] C.C[r].P. art. 892" and that the absence of these documents from the record "will adversely impact Mr. Payne's right to be immediately considered for parole if other conditions have been met."
During the pendency of this appeal, however, the State, with the consent of Mr. Payne's appellate counsel, appeared before the district court and requested that the court create a minute entry and a uniform commitment order reflecting that the district court had previously resentenced Mr. Payne to life imprisonment with the benefit of parole. The district court granted the State's request and supplemented the record on appeal accordingly.[2] The assignment of error is, thus, moot.
*1221 DECREE
For the foregoing reasons, Mr. Payne's sentence is affirmed.
AFFIRMED

At the time, La. R.S. 15:574.4, which governs parole eligibility for juvenile defendants convicted of murder before Miller , provided for parole eligibility after thirty-five years. See Acts 2016, No. 509, § 3. After the district court resentenced Mr. Payne, the Legislature amended La. R.S. 15:574.4 to provide for parole eligibility after twenty-five years. See La. R.S. 15:574.4(G). See Acts 2017, No. 280, § 3.

See La. C.Cr.P. art. 916(2) (conferring on district courts jurisdiction to "[c]orrect an error or deficiency in the record" during the pendency of an appeal). Consistent with La. R.S. 15:574.4(G), both documents reflect that Mr. Payne is parole-eligible after serving twenty-five years of his sentence.